Let judgment for the United States be drawn accordingly.

## UNITED STATES v. ONE CADILLAC, FIVE-PASSENGER COUPÉ.

### No. 132.

District Court, S. D. Texas, Laredo Division.

March 31, 1944.

Douglas W. McGregor, U. S. Atty., of Houston, Tex., and Charles C. Bowie, Asst. U. S. Atty., of Brownsville, Tex., for plaintiff.

Horace C. Hall, of Laredo, Tex., for claimant.

HANNAY, District Judge.

This is a hearing upon the application of the United States, whereby it seeks to forfeit one 1941 five-passenger Cadillac Coupe, Motor Number 8346656, which automobile was seized on May 20, 1943, at Laredo, Webb County, Texas, from Juan N. Mancillas, Nuevo Laredo, Tamps, Mexico, when the same had been presented for export at Laredo, Texas. In the Shipper's Export Declaration the said Mancillas made the following declaration: "I hereby certify that this car is for my own personal use. It is not for sale."

The evidence in this case shows beyond question that the said Mancillas was not the owner of such car but that the same was bought for the claimant herein, Jose Maria Gonzalez, a resident of Monterrey, Nuevo Leon, Mexico, and the fact that such declaration was false was known to the said claimant, who had agreed in advance to purchase said automobile from Alonzo Taylor, of Hebbronville, Jim Hogg County, Texas, at a price of $1,600, all of which money was paid by the said claimant in two dollar bills. Said claimant caused said automobile to be recorded in the name of the said Mancillas.

The said claimant has been engaged for the past ten years in the importation and wholesale and retail sale of automobiles, parts and accessories in Monterrey, Nuevo Leon, Mexico. Claimant, who is also plaintiff in the attempt to secure the possession of said automobile, while admitting the attempted subterfuge and the falsity of the certificate, claims as his excuse for so doing, the fact that he was heavily involved financially and was having title taken in the name of his friend, Mancillas, for the purpose of preventing seizure of said car for his debts by his creditors.

The court is of the opinion that said claimant was attempting to export the automobile in question from the United States for the purpose of re-sale, in violation of the provisions of the Export Control Act of July 2, 1940, 54 Stat. 712, and as amended, 50 U.S.C.A.Appendix, § 701, and the promulgations, rules and regulations issued thereunder.

It therefore follows that the said automobile should be forfeited to the United States of America.

Let decree and judgment be accordingly drawn and presented to this court for signature.